**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| KELLY L. O'NEAL,<br><br>        PLAINTIFF,<br><br>vs.<br><br>ROBERT JAMES & ASSOCIATES ASSET MANAGEMENT, INC.,<br><br>        DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Kelly L. O'Neal ("Plaintiff" or "O'Neal") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Robert James & Associates Asset Management, Inc. (hereinafter "Defendant" or "Robert James"), alleges as follows:

## I.     INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff, Kelly L. O'Neal, is a natural person residing in Polk County, Iowa.

4. Defendant, Robert James, is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Kenwood Payday Loan, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. The Plaintiff began receiving debt collection calls from the Defendant on or about August 19, 2011. On or about August 25, 2011, the Plaintiff answered a call from the Defendant and spoke with a "Lisa." Lisa explained that she was calling from Robert James and Associates and was attempting to collect on a debt originally owed to Kenwood. O'Neal explained that she recently filed for bankruptcy and that the alleged debt had been listed. Lisa stated the bankruptcy had no effect and that the debt was still owed. Lisa further stated that Ms. O'Neal had twenty four hours to make arrangements to pay the debt or a summons would be served on O'Neal at her place of employment. O'Neal explained that she needed to contact her attorney. Lisa stated that when O'Neal called back she should reference her case number A69480.

11. Subsequent to the conversation with Lisa on August 25, 2011, the Defendant continued to attempt to contact the Plaintiff on the same day by repeatedly calling her employer.

12. On July 25, 2011, the Plaintiff filed a Bankruptcy Petition in the Bankruptcy Court for the Southern District of Iowa (Bankruptcy Case No. 11-03024). Any debt owed to the Defendant was included in the bankruptcy petition. 11 U.S.C. 362(a) automatic

stay of the bankruptcy code regulates that collections are prohibited while the bankruptcy is in place.

13. At no time after the initial communication on August 25, 2011, did the Plaintiff ever receive verification of the alleged debt or notice that she had a right to dispute the debt.

14. At no time did the Defendant file a civil collection suit against the Plaintiff. At no time did the Defendant receive a judgment against the Plaintiff for the alleged debt owed. At no time did the Defendant attempt to have a summons served on the Plaintiff after the communication that took place on August 25, 2011.

15. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: frustration, anger, stress, nervousness, loss of sleep and anxiety.

## V.  FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

16. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15.

17. Robert James and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communication or communications subsequent to the initial communication that the communication is from a debt collector and that any information obtained would be used for that purpose.

    b. The Defendant violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the character, amount, or legal status of the debt.

    c. The Defendant violated 15 U.S.C. § 1692e(7) through a false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

    d. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    e. The Defendant violated 15 U.S.C. § 1692e(13) through a false representation or implication that documents are legal process.

    f. The Defendant violated 15 U.S.C. § 1692f(1) through the use of unfair or unconscionable means to collect or attempt to collect a debt and the collection of any amount unless such amount is expressly authorized by the agreement creating the debt.

    g. The Defendant violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor.

18. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

20. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

21. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. Robert James and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 11 U.S.C. 362(a) automatic stay injunction.

    b. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692e(11); 1692e(2)(A); 1692e(7); 1692e(10); 1692e(13); 1692f(1); and 1692g(b).

    c. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communication or communications subsequent to the initial

   communication that the communication is from a debt collector and that any information obtained would be used for that purpose.

   d. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation, or representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

   e. The Defendant violated Iowa Code § 537.7103(1)(b) through a false accusation or threat to falsely accuse a person of fraud or any other crime.

23. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

24. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

25. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF

Case 4:11-cv-00396-RP-CFB   Document 1   Filed 08/30/11   Page 6 of 6